**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANNAMAY IVA SHIBLEY, and
CHRISTOPHER SCOTT WHEELER, SR.

      Plaintiffs,

  v.                  6:24-CV-01367 (AMN/ML)

JULIA M. BROUILLETTE, and ROBERT
M. MACIOL,

      Defendants.

---

**APPEARANCES:**

**ANNAMAY IVA SHIBLEY**
**CHRISTOPHER SCOTT WHEELER, SR.**
2452 Broad Street
Apartment 3
Frankfort, New York 13340
Plaintiffs, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I. INTRODUCTION**

On November 12, 2024, Plaintiffs Annamay Iva Shibley and Christopher Scott Wheeler, Sr. commenced this action *pro se* against Julia Brouillette and Robert Maciol, alleging violations of Plaintiffs' parental rights. *See* Dkt. No. 1 ("Complaint"). Plaintiffs later filed an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 5, 6.

This matter was referred to United States Magistrate Judge Miroslav Lovric, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e). On April 7, 2025, Magistrate Judge Lovric granted Plaintiffs' application to proceed IFP and recommended that the Complaint be dismissed with

leave to replead. *See* Dkt. No. 8 at 1 ("Report-Recommendation").[1] Magistrate Judge Lovric advised that pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. at 12. No objections have been filed, and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.    STANDARD OF REVIEW**

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Lovric recommended that the case be dismissed due to a lack of clarity in violation of Fed. R. Civ. P. 8 and 10, frivolousness, a failure to state a claim, and a lack of jurisdiction. *See generally* Dkt. No. 8. Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 8, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint be **DISMISSED without prejudice and with leave to replead**; and the Court further

**ORDERS** that any amended complaint must be filed within thirty (30) days of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and the Court further

**ORDERS** that, if Plaintiffs file a timely amended complaint, it shall be referred to Magistrate Judge Lovric for review; and if Plaintiffs fail to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[2]

**IT IS SO ORDERED.**

Dated: May 19, 2025
       Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.